IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT, TAMPA, FLORIDA
CIVIL DIVISION

JEANNINE SALA, individually and on behalf
of all others similarly situated,

                                               Case No.:

      Plaintiff,

STARBUCKS CORPORATION d/b/a STARBUCKS,
OUTBACK STEAKHOUSE, INC. d/b/a OUTBACK
STEAKHOUSE, METROMEDIA RESTAURANT SERVICES,
INC d/b/a BENNIGANS, HOOTERS, INC. d/b/a HOOTERS,
KRISPY KREME DOUGHNUT CORPORATION d/b/a KRISPY
KREME DOUGHNUTS, MCDONALD'S CORPORATION d/b/a
MCDONALD'S, DARDEN RESTAURANTS, INC. d/b/a OLIVE
GARDEN**,**DURANGO USA**,** INC. d/b/a DURANGO STEAKHOUSE,
FIRED UP, INC. d/b/a JOHNNY CARINO'S, BOSTON MARKET
CORPORATION d/b/a BOSTON MARKET, RUBY TUESDAY, INC.
d/b/a RUBY TUESDAY, P.F. CHANG'S CHINA BISTRO, INC. d/b/a
P.F. CHANG'S CHINA BISTRO, PALM MANAGEMENT
CORPORATION d/b/a PALM RESTAURANT, BAMBOO
CLUB, INC. d/b/a BAMBOO CLUB, RUTH'S CHRIS STEAK HOUSE,
INC., d/b/a RUTH'S CHRIS STEAK HOUSE, HOST MARRIOTT
CORPORATION d/b/a TAMPA WESTSHORE MARRIOTT,
BONEFISH GRILL, INC., d/b/a BONEFISH GRILL, CARRABBA'S
ITALIAN GRILL, INC. d/b/a CARRABBA'S ITALIAN GRILL, BRINKER
FLORIDA INC. d/b/a CHILLI'S and MACARONI GRILL, a Delaware
Corporation, MAGGIANO'S/CORNER BAKERY, INC. d/b/a MAGGIANO'S
LITTLE ITALY, DOCTOR'S ASSOCIATES, INC. d/b/a SUBWAY, JULIO and SONS
COMPANY d/b/a TIA'S TEX MEX, TACO BELL CORP., d/b/a TACO BELL
DENNY'S INC. d/b/a DENNY'S AND CRACKER BARREL OLD COUNTRY
STORE, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE

      Defendants.
_____/

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

COMES NOW Plaintiff Jeannine Sala, individually and on behalf of all others similarly situated,

("PLAINTIFF"), complaining of STARBUCKS CORPORATION d/b/a STARBUCKS

("STARBUCKS"), OUTBACK STEAKHOUSE, INC. d/b/a OUTBACK STEAKHOUSE

("OUTBACK"), METROMEDIA RESTAURANT SERVICES, INC d/b/a BENNIGANS

("BENNIGANS"), HOOTERS, INC., d/b/a HOOTERS ("HOOTERS"), KRISPY KREME

DOUGHNUT CORPORATION d/b/a KRISPY KREME DOUGHNUTS ("KRISPY KREME"),

MCDONLAD'S CORPORATION d/b/a MCDONALD'S ("MCDONALD'S"), DARDEN RESTAURANTS, INC. d/b/a OLIVE GARDEN ("OLIVE GARDEN"), DURANGO USA, INC. d/b/a DURANGO STEAKHOUSE ("DURANGO"), FIRED UP, INC. d/b/a JOHNNY CARINO'S ("JOHNNY CARINO'S"), BOSTON MARKET CORPORATION d/b/a BOSTON MARKET CORPORATION ("BOSTON MARKET"), RUBY TUESDAY, INC. d/b/a RUBY TUESDAY ("RUBY TUESDAY"), P.F. CHANG'S CHINA BISTRO, INC. d/b/a P.F. CHANG'S CHINA BISTRO ("P.F. CHANG"), PALM MANAGEMENT CORPORATION d/b/a PALM RESTAURANT ("PALM"), BAMBOO CLUB, INC. d/b/a BAMBOO CLUB ("BAMBOO CLUB"), RUTH'S CHRIS STEAK HOUSE, INC. d/b/a RUTH'S CHRIS STEAK HOUSE ("RUTH'S CHRIS"), HOST MARRIOTT CORPORATION d/b/a TAMPA MARRIOTT WESTSHORE ("MARRIOTT"), BONEFISH GRILL, INC. d/b/a BONEFISH GRILL ("BONEFISH"), CARRABBA'S ITALIAN GRILL, INC. d/b/a CARRABBA'S ITALIAN GRILL ("CARRABBA'S"), BRINKER FLORIDA INC. d/b/a CHILLI'S and MACARONI GRILL ("CHILLI'S and MACARONI GRILL"), a Delaware Corporation ("CHILLI'S and MACARONI GRILL"), MAGGIANO'S/CORNER BAKERY, INC. d/b/a MAGGIANO'S LITTLE ITALY ("MAGGIANO'S"), DOCTOR'S ASSOCIATES, INC. d/b/a SUBWAY ("SUBWAY"), JULIO and SONS COMPANY d/b/a TIA'S TEX MEX ("TIA'S") and TACO BELL CORP. ("TACO BELL") DENNY'S INC. d/b/a DENNY'S AND CRACKER BARREL OLD COUNTRY STORE, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE, and for cause of action would show this Court as follows:

## INTRODUCTION

1. That this Court has jurisdiction over the instant lawsuit pursuant to 28U.S.C. § 1332(a)(1) as modified by the Class Action Fairness Act of 2005, because the plaintiff herein and some of the defendants herein are citizens of different states and the total amount in controversy exceeds $5 million in the aggregate, excluding interest and costs.

2. This is a civil action seeking to certify a class consisting of all persons and entities who have paid sales taxes to STARBUCKS CORPORATION d/b/a STARBUCKS ("STARBUCKS"), OUTBACK STEAKHOUSE, INC. d/b/a OUTBACK STEAKHOUSE ("OUTBACK"), METROMEDIA RESTAURANT SERVICES, INC d/b/a BENNIGANS ("BENNIGANS"), HOOTERS, INC., d/b/a HOOTERS ("HOOTERS"), KRISPY KREME DOUGHNUT CORPORATION d/b/a KRISPY KREME DOUGHNUTS ("KRISPY KREME"), MCDONLAD'S CORPORATION d/b/a MCDONALD'S ("MCDONALD'S"), DARDEN RESTAURANTS, INC. d/b/a OLIVE GARDEN ("OLIVE GARDEN"), DURANGO USA, INC. d/b/a DURANGO STEAKHOUSE ("DURANGO"), FIRED UP, INC. d/b/a JOHNNY CARINO'S ("JOHNNY CARINO'S"), BOSTON MARKET CORPORATION d/b/a BOSTON MARKET CORPORATION ("BOSTON MARKET"), RUBY TUESDAY, INC. d/b/a RUBY TUESDAY ("RUBY TUESDAY"), P.F. CHANG'S CHINA BISTRO, INC. d/b/a P.F. CHANG'S CHINA BISTRO ("P.F. CHANG"), PALM MANAGEMENT CORPORATION d/b/a PALM RESTAURANT ("PALM"), BAMBOO CLUB, INC. d/b/a BAMBOO CLUB ("BAMBOO CLUB"), RUTH'S CHRIS STEAK HOUSE, INC. d/b/a RUTH'S CHRIS STEAK HOUSE ("RUTH'S CHRIS"), HOST MARRIOTT CORPORATION d/b/a TAMPA MARRIOTT WESTSHORE ("MARRIOTT"), BONEFISH GRILL, INC. d/b/a BONEFISH GRILL ("BONEFISH"), CARRABBA'S ITALIAN GRILL, INC. d/b/a CARRABBA'S ITALIAN GRILL ("CARRABBA'S"), BRINKER FLORIDA INC. d/b/a CHILLI'S and MACARONI GRILL ("CHILLI'S and MACARONI GRILL"), a Delaware Corporation ("CHILLI'S and MACARONI GRILL"), MAGGIANO'S/CORNER BAKERY, INC. d/b/a MAGGIANO'S LITTLE ITALY ("MAGGIANO'S"), DOCTOR'S ASSOCIATES, INC. d/b/a SUBWAY ("SUBWAY"), JULIO and SONS COMPANY d/b/a TIA'S TEX MEX ("TIA'S") and TACO BELL CORP. ("TACO BELL") DENNY'S INC. d/b/a DENNY'S AND CRACKER BARREL OLD COUNTRY STORE, INC. d/b/a CRACKER BARREL OLD COUNTRY STORE (together, hereinafter referred to as DEFENDANTS) as a result of such sales taxes being charged by Defendants to their customers when

purchasing natural bottled water (unflavored). The sales tax imposed on natural bottled water (unflavored) is unlawful, unconscionable and void as a matter of public policy and/or statute in Florida and in various other States and jurisdictions. This unlawful sales tax charges give rise to a quasi contract requiring restitution as a result of unjust enrichment.

3. DEFENDANTS, in imposing unlawful sales tax charges on natural bottled water (unflavored) purchased by its customers, have wrongfully received money which rightfully belongs to PLAINTIFF and the CLASS.

4. This conduct by DEFENDANTS rises to the level of misrepresentation, deception and fraud. The law imposes a duty on DEFENDANTS, among other things, to fully refund the unlawful sales tax charges to PLAINTIFF and the CLASS to whom in law, equity and good conscience such unlawful charges belong.

## PLAINTIFF

5. Plaintiff, Jeaninne Sala, individually and on behalf of all others similarly situated, ("PLAINTIFF") is a resident of Hillsborough County, Florida. She has paid sales tax to DEFENDANTS during the relevant class period on natural bottled water (unflavored). These sales tax charges were unlawful; therefore, plaintiff seeks damages for herself and for each person who is similarly situated. Plaintiff is prepared to serve as a class representatives on behalf of those similarly situated.

## DEFENDANTS

6. The defendants are delineated as follows:

   a. Defendant "STARBUCKS" is a corporation organized under the laws of the State of Washington and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   b. Defendant "OUTBACK" is a corporation organized under the State of Delaware and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   c. Defendant "CHILLI'S and MACARONI GRILL" are corporations organized under the laws of the State of Delaware and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   d. Defendant "BENNIGANS" is a corporation organized under the laws of the State of Texas and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   e. Defendant "HOOTER'S" is a corporation organized under the laws of the State of Florida and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   f. Defendant "KRISPY KREME" is a corporation organized under the laws of the State of North Carolina and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   g. Defendant "MCDONALDS" is a corporation organized under the laws of the State of Delaware and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   h. Defendant "OLIVE GARDEN" is a corporation organized under the laws of the State of Florida and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   i. Defendant "DURANGO" is a corporation organized under the laws of the Florida and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   j. Defendant "JOHNNY CARINO'S" is a corporation organized under the laws of the State of Texas and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  k. Defendant "BOSTON MARKET" is a corporation organized under the laws of the State of Delaware and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  l. Defendant "RUBY TUESDAY" is a corporation organized under the laws of the State of Georgia and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  m. Defendant "P.F. CHANG" is a corporation organized under the laws of the State of Delaware and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  n. Defendant "PALM" is a corporation organized under the laws of the State of New York and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  o. Defendant "BAMBOO CLUB" is a corporation organized under the laws of the State of Arizona and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  p. Defendant "RUTH'S CHRIS" is a corporation organized under the laws of the State of Louisiana and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  q. Defendant "MARRIOTT" is a corporation organized under the laws of the State of Maryland and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

  r. Defendant "BONEFISH" is a corporation organized under the laws of the State of Florida and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   s. Defendant "CARRABBA'S" is a corporation organized under the laws of the State of Florida and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   t. Defendant "MAGGIANO'S" is a corporation organized under the laws of the and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   u. Defendant "SUBWAY" is a corporation organized under the laws of the State of Florida and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   v. Defendant "TIA'S TEX MEX" is a corporation organized under the laws of the State of Texas and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   w. Defendant "TACO BELL" is a corporation organized under the laws of the State of California and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   x. Defendant "CRACKER BARREL" is a corporation organized under the laws of the State of Tennessee and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

   y. Defendant "DENNY'S" is a corporation organized under the laws of the State of California and is assumed to be licensed to do business in the State of Florida and other States and does conduct business in Florida and in other States and jurisdictions.

**FACTUAL ALLEGATIONS**

  7. The Defendants are in the retail business of selling food, beverages and natural bottled water (unflavored) to the public. Plaintiff and other members of the public who have and continue to purchase natural bottled water (unflavored) from Defendants in the state of Florida and other States and jurisdictions are charged an unlawful sales tax on their purchase of natural bottled water

(unflavored). All of the named defendants charge this unlawful tax in Florida and other States and jurisdictions. As a result of this practice by Defendants, Plaintiff and others similarly situated have sustained monetary losses and damages. Plaintiff attaches "Exhibit A" hereto to delineate a record of actual purchases of natural bottled water (unflavored) and to show the place and date of the illegal and unlawful taxing of said purchases.

## CLASS ACTION ALLEGATIONS

8. The Plaintiff brings this action on her own behalf and, pursuant to Fed.R.Civ.P. 23(b)(1)(A), (b)(2), and/or (b)(3), and USDC Middle District of Florida Local Rule 23.1, as a class action on behalf of herself and the nationwide class of all persons as defined as: All persons who purchased natural bottled water (unflavored) from defendants in Florida and/or in any other States or jurisdictions where defendants (or some of the defendants) conduct business and charge an improper and/or illegal sales tax on natural bottled water (unflavored).

9. On information and belief, there are hundreds of thousands of class members spread across Florida, and other States and jurisdictions. As a result, the potential class members are so numerous and disparately located such that the non-joinder of all the potential members of the class herein in multiple proceedings is impracticable. The disposition of the claims of these class members in a single class action will provide substantial benefits to all parties and to the Court. There is a well-defined community of interest among all the class members.

10. The claims of Plaintiff are typical of the claims of the Class. Plaintiff has paid the sales tax charged by each Defendant on natural bottled water (unflavored) during the applicable period. All the sales taxes charged to Plaintiff were paid in Hillsborough County, Florida and in Orange County, Florida and are typical of all illegal sales taxes paid in Florida and in other States and jurisdictions.

11. Plaintiff is an adequate class representative. She has no interests which conflict with those of other potential class members. Plaintiff has committed to vigorously prosecuting the claims of the class as well as their own individual claims. Plaintiff has retained counsel experienced in class action

litigation. Proposed counsel for the class has both the resources and class action experience to fully litigate and protect the class' claims.   Plaintiff's counsel does not have any interests adverse to the class.

12.     There are numerous questions of law and fact common to Plaintiff and the class. These common questions satisfy the commonality requirements and predominate over any questions that may be individual.  The issues common to the class include:

   a. Whether Defendants' customers entered into an express or implied contract
   b. with Defendants in purchasing natural bottled water (unflavored);
   c. Whether the Defendants charged Plaintiff and members of the class sales tax on natural bottled water (unflavored);
   d. Whether the Defendants' charges to Plaintiff and members of the class for sales tax on natural bottled water (unflavored), were and are unlawful;
   e. Whether the Defendants' charges to Plaintiff and members of the class for sale tax on natural bottled water were and are unconscionable;
   f. Whether the Defendants' charges to Plaintiff and members of the class for sales tax on natural bottled water (unflavored) were and are a misrepresentation;
   g. Whether the Defendants breached an implied contract with Plaintiff and members of the class to charge only a lawful amount owed for the purchase of natural bottled water (unflavored), and whether such charge requires Defendants to make restitution of such sales tax charges to Plaintiff and the Damage Class;
   h. Whether the Defendants, Plaintiff and the class had and have knowledge of all relevant facts regarding Defendants' sales tax charges on natural bottled water (unflavored);
   i. Whether the Defendants by such sales tax charges on natural bottled water   (unflavored), have been unjustly enriched such that Plaintiff and the Damaged Class should be reimbursed all such charges of money rightfully belonging to Plaintiff and the Damaged Class, along with any other compensation that may be allowed in law;

j. Whether the Defendants by such sales tax charges on natural bottled water (unflavored), are in possession of money which in equity, good conscience and justice, should not be retained by defendants, but that should instead be returned to Plaintiff and the damaged Class;

k. Whether the Defendants were negligent in charging such sales tax on natural bottled water (unflavored);

l. Whether the Defendants by such sales tax charges on natural bottled water (unflavored) were in violation of any Deceptive Trade Practices Act in "representing that an agreement confers or involves obligations which it does not have or involve, or which are prohibited by law";

m. Whether the Defendants by such sales tax charges on natural bottled water (unflavored) violated any Deceptive Trade Practices Act and thus committed an "unconscionable action or course of action that constituted a producing cause of economic damages to Plaintiff and the Damaged Class";

13. A class action is superior to any other available method for the fair and efficient adjudication of the classes' claims. The cost of litigating the class members' claims individually would be prohibitive to prosecuting these claims and thus without certification of the classes, the members of the proposed classes would have no effective remedy at law. Class treatment of the common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it avoids the risk of inconsistent adjudications and the risk of varying standards of conduct for the Defendants. Class action treatment is also superior because it will conserve the time and resources of the courts and the litigants.

**CAUSES OF ACTION**
**COUNT ONE:  Breach of Contract**
**DAMAGE CLASS**

14. Plaintiff and the Damage Class entered into a verbal understanding and agreement with defendants. Plaintiff and the Damage Class agreed to purchase from defendants and defendants agreed

to sell natural bottled water (unflavored) at an amount equal to the sell price plus all lawful taxes owed thereon. Defendants breached such understanding and agreement by charging, not only the sale price, but also an unlawful sales tax charge not duly owed by Plaintiff and the Damaged Class. Defendants charge to Plaintiff and the Damage Class of these unlawful sales taxes constitutes a breach of their understanding and agreement with Plaintiff and the Damage Class. As a result of this breach by defendants, Plaintiff and the Damage Class are entitled to recover the sales tax they were improperly charged by defendants together with interests, attorney's fees and costs as allowed by law.

### COUNT TWO: Unjust Enrichment
### DAMAGE CLASS

15. Defendants have unjustly enriched themselves at the expense of Plaintiff and the Damage Class. Defendants had no legal or equitable right to assess sales tax charges on natural bottled water (unflavored) sold to Plaintiff and the Damage Class. Plaintiff and the Damage Class are, therefore, entitled to recover the unlawful sales taxes that were improperly assessed by Defendants resulting in unjust enrichment of Defendants. In addition, Plaintiff and the Damage class are also entitled to interest and costs as allowed by law.

### COUNT THREE: MONEY HAD AND RECEIVED
### DAMAGE CLASS

16. Plaintiff brings this cause of action for money had and received. Plaintiff seeks recovery on behalf of herself and on others similarly situated, for all of the sales taxes charged by the defendants that were unlawful and not due and owed by Plaintiff and the Damage Class. The sales taxes imposed by Defendants on Plaintiff and the Damage Class, in equity, justice and good conscience, belong to Plaintiff and the Damage Class. Defendants are in possession of money that rightfully belongs to Plaintiff and the Damage Class. Defendants should not be allowed to retain this money – to do so would be unconscionable. Plaintiff and the Damage Class ask, therefore, that this Court impose a duty and obligation upon Defendants to fully refund all such unlawful sales tax charges that in law, equity, justice and good conscience belong to Plaintiff and the Damage Class.

### COUNT FOUR:

### VIOLATION OF THE FLORIDA DECEPTIVE TRADE PRACTICES ACT
### DAMAGE CLASS

17. Defendants in charging Plaintiff and the Damage Class sales tax on natural bottled water (unflavored), violated various **Deceptive Trade Practices Acts** in representing that an agreement confers or involves obligations which it does not have or involve, or which are prohibited by law.

18. Defendants in charging Plaintiff and the Damage Class sales tax on natural bottled water (unflavored), violated various **Deceptive Trade Practices Act** in that such charges were an unconscionable action or course of action that constituted a producing cause of economic damages to Plaintiff and the Damage Class.

### COUNT FIVE: UNFAIR BUSINESS PRACTICES

19. Plaintiff and the Damage Class would show the Court that Defendants' actions and omissions in connection with unlawfully charging sales tax on exempt items constitutes and Unfair Business Practice which subjects the Defendants to liability for all Damages caused to Plaintiff and the class.

### COUNT SIX: DECLARATORY JUDGMENT
### &     INJUNCTIVE RELIEF

20. Defendants are charging and continuing to charge sales tax on natural bottled water (unflavored). As a result of such ongoing unlawful charges, Plaintiff seeks a declaratory judgment declaring that defendants' conduct in such charging of tax is unlawful and requires the defendants reimburse the class members. And in addition, Plaintiff seeks Injunctive relief forbidding Defendants from continuing to charge such unlawful tax.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennine Sala, individually and on behalf of all others similarly situated, asks the Court to enter judgment in favor of Plaintiff and the Class against Defendants, and to award the following relief:

a. An order certifying an Injunctive Class and appointing Plaintiff and her counsel;

b.   An order certifying the Damage Class and appointing Plaintiff and her counsel to represent the Damage Class in this litigation;

c.   An award to Plaintiff and the Damage Class of their actual damages;

d.   An award to Plaintiff and the Injunctive Class in the form of an injunction prohibiting Defendants from charging sales tax on natural bottled water (unflavored);

e.   Pre and post-judgment interest on any award to Plaintiff and the Damage Class;

f.   Attorneys' fees and costs; and

g.   For such other and further relief as the Court may deem just and proper.

**/S/ RICHARD A. BOKOR, ESQUIRE**
RICHARD A. BOKOR, ESQUIRE
RICHARD A. BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL 33606
Ph. #: 813/251-1000
Fax #: 813/254-6327
FBN: 106580
Attorney for Plaintiff

| | **Place of Purchase** | **Date of Purchase** |
|---|---|---|
| 1. | Starbucks Corporation (Starbucks)<br>401 South Dale Mabry, Tampa, Hillsborough County, Florida | 2/21/05 |
| 2. | Outback Steakhouse, Inc. (Outback Steakhouse) | 3/7/05 |
| 3. | Doctor's Associates, Inc. (Subway)<br>2502 N. Dale Mabry, Tampa, Hillsborough County, Florida | 3/19/05 |
| 4. | Boston Market Corporation (Boston Market) | 3/29/05 |
| 5. | Krispy Kreme Doughnut Corporation (Krispy Kreme)<br>11790 N. Dale Mabry, Tampa, Hillsborough County, Florida | 3/29/05 |
| 6. | McDonalds Corporation (McDonalds)<br>4443 Kennedy Blvd., Tampa, Hillsborough County, Florida | 3/29/05 |
| 7. | Carrabba's Italian Grill, Inc. (Carrabba's)<br>700 N. Dale Mabry Hwy., Tampa, Hillsborough County, Florida | 3/29/05 |
| 8. | Brinker Florida, Inc. (Chilli's Grill and Bar)<br>Tampa Stadium | 3/30/05 |
| 9. | Bonefish Grill, Inc. (Bonefish Grill)<br>3665 Henderson Blvd., Tampa, Hillsborough County, Florida | 4/8/05 |
| 10. | P.F. Chang's China Bistro, Inc. (P.F. Chang)<br>219 Westshore Plaza, Tampa, Hillsborough County, Florida | 4/19/05 |
| 11. | Maggiano's/Corner Bakery, Inc. (Maggiano's Little Italy)<br>203 Westshore Plaza, Tampa, Hillsborough County, Florida | 4/19/05 |
| 12. | Palm Management Corporation (Palm Restaurant)<br>205 Westshore Plaza, Tampa, Hillsborough County, Florida | 4/19/05 |
| 13. | Fired Up, Inc. (Johnny Carino's)<br>1102 N. Dale Mabry Hwy., Tampa, Hillsborough County, Florida | 4/19/05 |
| 14. | Julio and Sons Company (Tia's Tex-Mex)<br>1503 N. Dale Mabry Hwy., Tampa, Hillsborough County, Florida | 4/19/05 |
| 15. | Brinker Florida, Inc. (Macaroni Grill)<br>14904 N. Dale Mabry Hwy., Tampa, Hillsborough County, Florida | 4/19/05 |
| 16. | MetroMedia Restaurant Services, Inc. (Bennigan's)<br>2520 N. Dale Mabry Hwy., Tampa, Hillsborough County, Florida | 4/22/05 |

| | | |
|---|---|---|
| 17. | Hooters, Inc. (Hooters)<br>10023 Adamo Drive, Tampa, Hillsborough County, Florida | 4/22/05 |
| 18. | Darden Restaurants (Olive Garden)<br>2602 West Brandon Blvd., Brandon, Hillsborough County, Florida | 4/22/05 |
| 19. | Durango USA, Inc. (Durango's Steakhouse)<br>1200 N. Westshore Blvd., Tampa, Hillsborough County, Florida | 4/22/05 |
| 20. | Ruth's Chris Steakhouse, Inc. (Ruth's Chris Steakhouse)<br>1700 N. Westshore Blvd., Tampa, Hillsborough County, Florida | 4/22/05 |
| 21. | Ruby Tuesday, Inc. (Ruby Tuesday)<br>201 N. Dale Mabry Hwy., Tampa, Hillsborough County, Florida | 4/24/05 |
| 22. | Host Marriott Corporation (Marriott Westshore)<br>1001 N. Westshore Blvd., Tampa, Hillsborough County, Florida | 4/25/05 |
| 23. | Bamboo Club, Inc (Bamboo Club)<br>2223 N. Westshore Blvd., Tampa, Hillsborough County, Florida | 4/25/05 |
| 24. | Taco Bell Corp. (Taco Bell)<br>4647 W. Kennedy Blvd., Tampa, Hillsborough County, Florida | 4/26/05 |
| 25. | Cracker Barrel – Store 251<br>6150 Lazy Days Blvd., Seffner, Hillsborough County, Florida | 5/1/05 |
| 26. | Denny's<br>9800 International Drive, Orlando, Orange County, Florida | 5/1/05 |