# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JEANNINE SALA, individually and on behalf of all others similarly situated,**

    **Plaintiffs,**

**v.**                                                                 Case No.  8:05-cv-829-T-30EAJ

**STARBUCKS CORPORATION d/b/a Starbucks, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court *sua sponte* upon Plaintiff's Amended Response to Court's Order to Show Cause Why Action Should Not be Severed (Dkt. 158). For the reasons set forth below, this Court hereby severs this cause pursuant to Fed. R. Civ. P. 21:

## DISCUSSION

Plaintiff Jeannine Sala (hereinafter "Plaintiff"), individually and on behalf of others similarly situated, has filed this class action suit against Starbucks Corporation and various other Defendants alleging *inter alia* that Defendants violated the Florida Deceptive and Unfair Trade Practices Act when Defendants charged and collected sales tax on the purchase of unflavored bottled water from Plaintiff and other potential class members (Dkt. 7). On August 30, 2005, this Court entered an Order instructing Plaintiff to show cause why this

action should not be severed (Dkt. 112).  On October 27, 2005, Plaintiff filed her Amended Response to said Show Cause Order (Dkt. 158).

>Federal Rule of Civil Procedure 20(a) states in part:
>
>[a]ll persons . . . may be joined as defendants, if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences **and** if any question of law or fact common to all defendants will arise in the action.

Fed. R Civ. P. 20(a) (2005) (emphasis added).  Additionally, Federal Rule of Civil Procedure 21 permits a court either on the motion of a party or on its own motion to drop a party due to misjoinder. See Fed. R. Civ. P. 21 (2005).  In Plaintiff's Amended Response, she argues that as there are "common facts and common issues concerning the relationship between all defendants and all putative class members in that all class members bought non-taxable, bottled drinking water that was taxed illegally by each defendant exactly the same way," that joinder in this case is appropriate (Dkt. 158).  This is not the case.  Rule 20(a) makes joinder of defendants appropriate only when the claims asserted against defendants *arise out of the same transaction and occurrence*. See Fed. R. Civ. P. 20.  Plaintiff's Amended Complaint clearly illustrates that the transactions and occurrences involved in this action took place on various dates and with different Defendants during the period between February 21, 2005 and May 14, 2005 (Dkt. 7 at 19-22).  These transactions are separate events and do not support Plaintiff's contention that joinder of these Defendants is appropriate.  As such, pursuant to Rule 21, this action is severed.

>It is therefore ORDERED AND ADJUDGED that:

1. This action is hereby **SEVERED.**

2. Plaintiff shall be permitted to proceed with her claim as to any one Defendant in this case (#8:05-cv-829-T-30EAJ).

3. Plaintiff has **twenty (20) days** to amend her Complaint as to any one Defendant, at which time the Clerk shall terminate all remaining Defendants in this case.

4. All pending motions are hereby **DENIED** as moot with leave to refile should the same be necessary.

5. Should Plaintiff fail to file an Amended Complaint within twenty (20) days, this case will be dismissed without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on November 8, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-829 - Order to Sever.frm