**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JEANNINE SALA, individually and on**
**behalf of all others similarly situated,**

    **Plaintiffs,**

**v.**                                                                                          **Case No.  8:05-cv-829-T-30EAJ**

**STARBUCKS CORPORATION d/b/a**
**Starbucks, et al.,**

    **Defendants.**
_____/

**<u>ORDER</u>**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Rule 60 Relief from

Order Entered November 8, 2005 Severing Defendants And, In the Alternative, Motion for

Reassignment Pursuant to Local Rule 1.04(B) (Dkt. 162).  On November 8, 2005, this Court

entered an Order severing this action pursuant to Fed. R. Civ. Proc. 21 (Dkt. 161).  While

Plaintiff's instant Motion seeks relief on the mistaken belief that this Court's Order was

issued due to some confusion of the Court as to the nature of the underlying suit, i.e., a

"Florida Deceptive and Unfair Trade Practices Act" cause of action versus a "multi-state

violation of statutory proscriptions against the taxing of . . . unflavored and natural bottled

water" (Dkt. 162 at paragraphs 2 and 7), the nature or "main thrust" of the suit is irrelevant.

Moreover, Plaintiff's interpretation of the Class Action Fairness Act of 2005, 28 U.S.C. §

1711, *et seq*, is, in this Court's opinion, incorrect.  Plaintiff appears to be arguing that

because the defendants allegedly violated the "exact same statutes and tax regulations by

taxing bottled water in each of the applicable jurisdictions" that the Class Action Fairness

Act permits permissive joinder of defendants for jurisdictional purposes (Dkt. 162 at 3).

Contrary to Plaintiff's assertions, nothing in the Class Action Fairness Act eliminates the

requirements for permissive joinder under Rule 20.   As specifically stated in this Court's

previous Order, Rule 20 make permissive joinder of defendants appropriate only when claims

against them arise out of the *"same transaction , occurrence, or series of transactions or*

*occurrences __and__ if any questions of law or fact are common to all defendants."* Fed. R. Civ.

Proc. 20(a).  While common questions of law may exist (alleged violations of statutes and

tax regulations regarding taxation of bottled water), the claims, as evidenced by Plaintiff's

Complaint, do not arise from the same transaction or occurrence.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's Motion for Rule 60 Relief from Order Entered November 8, 2005 Severing Defendants And, In the Alternative, Motion for Reassignment Pursuant to Local Rule 1.04(B) (Dkt. 162) is **DENIED**.

2.    Plaintiff is given **fifteen (15) days** from the date of this Order in which to amend her Complaint as to **one** defendant.

3.    Should Plaintiff fail to file an amended complaint within **fifteen (15) days** this case will be dismissed without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on December 1, 2005.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-829 - Deny Motion for Rule 60 relief.frm